IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARL DAVIS, d/b/a
DAVIS CONSTRUCTION CO.                                                             PLAINTIFF

v.                              Case No. 1:21-cv-1049

ANDREW SIMPSON,

and

THOMAS J. VILSACK, in his
official capacity as Secretary of
Agriculture, and TOMMY JAMES,[1]
in his official capacity as Area
Director of Monticello, Arkansas Area
Office of USDA Rural Development
Agency                                                                                 DEFENDANTS

**ORDER**

Before the Court is Defendants Thomas J. Vilsack and Tommy James' Motion to Dismiss. (ECF No. 8). Plaintiff Carl Davis d/b/a Davis Construction Company responded. (ECF No. 12). Defendant Andrew Simpson also responded. (ECF No. 10).

Also before the Court is Plaintiff's Motion to Dismiss Counterclaim. (ECF No. 6). Defendant Simpson responded. (ECF No. 10). The matters are both ripe for consideration.

**I. BACKGROUND**

Plaintiff is a general contractor in Arkansas who specializes in construction, remodeling, and repairs. On January 30, 2020, Plaintiff and Defendant Simpson executed a construction contract, requiring Plaintiff to provide materials for and build a residence on land Defendant Simpson owned in Ashley County, Arkansas. To pay for the project, Defendant Simpson applied for and received a loan

---

[1] Defendant James indicates that the proper spelling of his first name is "Tommie." For consistency, the Court will use his name as it is spelled in the case caption.

of $167,575.00 from Rural Development, an agency within the United States Department of Agriculture ("USDA") that provides funding to low-income applicants to build dwellings. Defendant James, the area director for the Monticello, Arkansas office of Rural Development, is responsible for approving low-income rural development loans like Defendant Simpson's, including approving the terms of construction agreements, performance, and the distribution of funds for projects in Ashley County, Arkansas.

Plaintiff and Defendant Simpson's contract allowed Plaintiff to apply for three partial payments for work done throughout the construction process, with a fourth and final payment due upon completion and acceptance of the work. The partial payments were not to exceed sixty percent of the workplace's value, as estimated by Plaintiff and approved by Rural Development based on a housing inspector's evaluation. Plaintiff sought and received the first two payments. After Plaintiff requested the third payment, Defendant Simpson fired him. Defendant James then notified Plaintiff that Defendant Simpson would not authorize the release of the third payment to Plaintiff, so the money would be held in escrow by Defendant James, in the amount of $35,021.50.

On July 7, 2021, Plaintiff filed this case in the Circuit Court of Ashley County, Arkansas. He asserts a breach-of-contract claim against Defendant Simpson and separately seeks interpleader of the money held in escrow, pursuant to Arkansas Rules of Civil Procedure 22 and 67, and for a determination of the competing claims to the money. To that end, Plaintiff also filed suit against Defendant James and Defendant Vilsack—the Secretary of Agriculture and head of the USDA— both in their official capacities (collectively, "the USDA Defendants").

On September 28, 2021, Defendant Simpson filed a counterclaim against Plaintiff and a crossclaim against the USDA Defendants, in their official capacities. Defendant Simpson alleges that Plaintiff did not do his work to specifications and refused to fix the incomplete work when asked. Defendant Simpson also alleges that Defendant James improperly approved partial payments to Plaintiff for the faulty work, without Defendant Simpson's approval and despite a third-party inspector

telling Rural Development that Plaintiff's work was faulty and incomplete. Defendant Simpson seeks the return of the money paid to Plaintiff and various economic and noneconomic damages from the USDA Defendants stemming from his inability to complete the house.

On October 7, 2021, Plaintiff filed the instant motion to dismiss Defendant Simpson's counterclaim for failure to state a claim upon which relief can be granted. (ECF No. 6). Defendant Simpson opposes the motion. (ECF No. 10).

On October 21, 2021, the USDA Defendants removed the case to federal court pursuant to 18 U.S.C. § 1442(a)(1), which provides for the removal of a civil action commenced in state court against an agency of the United States or its officers.

On October 28, 2021, the USDA Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction. (ECF No. 9). Plaintiff and Defendant Simpson oppose the motion. (ECF Nos. 10, 12).

## II.  DISCUSSION

Two motions to dismiss are currently before the Court. The USDA Defendants contend that because they are sued in their official capacities as officers of a federal agency, they are entitled to sovereign immunity and this case must be dismissed for lack of subject matter jurisdiction. Separately, Plaintiff contends that Defendant Simpson's counterclaim must be dismissed for failure to state a claim upon which relief can be granted. The Court will first address the issue of subject matter jurisdiction and, if necessary, will then address the other motion to dismiss.

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

The USDA Defendants argue that this case should be dismissed for lack of subject matter jurisdiction because they are entitled to sovereign immunity. Plaintiff and Defendant Simpson disagree.

Federal courts are courts of limited jurisdiction, and only certain types of cases may proceed in federal court. *See Dakota, Minn. & E. R.R. Corp. v. Schieffer*, 715 F.3d 712, 712 (8th Cir. 2013).

Accordingly, the Federal Rules of Civil Procedure authorize a party to challenge a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). If the Court lacks subject matter jurisdiction over a case, that case must be dismissed. *See Williams v. Cnty. of Dakota, Neb.*, 687 F.3d 1064, 1067 (8th Cir. 2012).

There are two types of challenges to subject matter jurisdiction: "facial attacks" and "factual attacks." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). Facial attacks challenge subject matter jurisdiction solely on the allegations in the complaint, while a factual attack is dependent upon the resolution of facts to determine whether subject matter jurisdiction exists. *Osborn*, 918 F.2d at 729. If a motion makes a facial attack, the Court reviews the pleadings and gives the non-moving party the same protections given under Rule 12(b)(6). *Id.* at 729. But if a motion makes a factual attack, the Court may review matters outside the pleadings and the non-moving party does not receive Rule 12(b)(6)'s safeguards. *Id.* As the Court reads the instant motion, the USDA Defendants make a facial attack, so the Court will apply the appropriate governing standard.

Claims of sovereign immunity are properly raised in a motion to dismiss for lack of subject-matter jurisdiction. *Hagen v. Sisseton-Wahpeton Comty. Coll.*, 205 F.3d 1040, 1043 (8th Cir. 2000); *Brown v. United States*, 151 F.3d 800, 803-04 (8th Cir. 1998). The party claiming jurisdiction has the burden of proving subject matter jurisdiction. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007).

The doctrine of sovereign immunity bars private civil actions against the United States and its agencies and officers, unless the party bringing the action can show that sovereign immunity was expressly waived for the type of claim being raised. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S 187, 192 (1996). "Moreover, a waiver of the Government's sovereign

4

immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* The Court must "construe ambiguities in favor of immunity." *Id.*

The USDA Defendants argue that, as employees of a federal agency, the claims against them in their official capacities are against their employing federal agency, which enjoys sovereign immunity as an arm of the United States. They argue that sovereign immunity has not been waived for the claims asserted against them in this case, and thus, dismissal is warranted. Plaintiff and Defendant Simpson each disagree. For clarity, the Court will separately address the sovereign immunity arguments as they relate to the claims brought by Plaintiff and Defendant Simpson against the USDA Defendants.

### 1. Interpleader

The USDA Defendants argue that there is no explicit waiver of the United States' sovereign immunity to subject them to Plaintiff's interpleader claim. They also argue that the Court lacks subject matter jurisdiction over this case for other reasons. For instance, they argue that Plaintiff failed to plead grounds for interpleader under the federal interpleader statute or either the Federal Rules of Civil Procedure or the Arkansas Rules of Civil Procedure, and thus, he has not established an independent ground for subject matter jurisdiction for this case.

Plaintiff disagrees. He argues that the USDA Defendants waived their right to claim sovereign immunity by appearing in Arkansas state court and failing to immediately raise sovereign immunity there. Plaintiff also argues that the USDA Defendants committed forum shopping by removing this case to federal court, only to then immediately claim sovereign immunity.

It appears undisputed that the USDA Defendants, as officers of a federal agency, are generally entitled to sovereign immunity on claims against them in their official capacities. However, Plaintiff may maintain his interpleader claim if he points to an express statutory waiver of sovereign immunity for interpleader claims such as this one. He has not done so. "The United States may not be required to interplead when it has not waived its sovereign immunity." *Fowler Pickert, LLC v. Glasgow*, No.

4:19-cv-00319-RK, 2020 WL 1955266, at *2 (W.D. Mo. Apr. 23, 2020) (citing 7 Charles Alan Wright et al., *Federal Practice and Procedure* § 1721 (3d ed. 2020)).  Plaintiff has pointed to no statutory waiver of sovereign immunity that would apply to this case and, as such, fails to carry his burden.[2]  *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (stating that the party seeking to sue the United States "must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction").

The next question becomes whether the USDA Defendants somehow waived their entitlement to sovereign immunity by entering a general appearance and participating in this case in state court before eventually removing the case to this Court.  Plaintiff argues that they did, but cites no authority providing that the United States, or one of its agencies or officers, waives sovereign immunity by appearing in state court and later removing the case.

"It has long been settled that officers of the United States possess no power through their actions to waive an immunity of the United States or to confer jurisdiction on a court in the absence of some express provision by Congress."  *United States v. N.Y. Rayon Importing Co.*, 329 U.S. 654, 660 (1947); *see also Granite Reinsurance Co. v. Frohman*, No. 8:08CV410, 2009 WL 2601105, at *6 (D. Neb. Aug. 17, 2009) (holding that a federal agency did not waive immunity and submit to jurisdiction by participating in a state court proceeding before removing the case to federal court).  Indeed, numerous courts have recognized sovereign immunity for federal-government defendants who removed the case from state to federal court.  *See Golden v. Hood*, No. 4:20-cv-4052-SOH, 2020 WL 7321072, at *1-3 (W.D. Ark. Dec. 11, 2020) (granting motion to dismiss based on sovereign immunity that was filed after a federal agency removed the case to federal court); *Nielsen v. United States*, 639 F. Supp. 2d 1020, 1022 (D. Neb. 2009) (granting motion to dismiss based on sovereign immunity that

---

[2] The Court is aware of one instance where Congress authorized a limited waiver of sovereign immunity for interpleader suits concerning property on which the United States has or claims a mortgage or other lien. 28 U.S.C. § 2410(a)(5).  This case does not involve a mortgage or other lien, so that waiver is inapplicable here.

was filed after the United States removed the case to federal court); *Pruitt v. United States Postal Serv.*, 817 F. Supp. 807, 807-08 (E.D. Mo. 1993) (same); *cf. Church v. Missouri*, 913 F.3d 736, 742-43 (8th Cir. 2019) ("[N]either logic nor precedent supports the proposition that a state waives its general state sovereign immunity by removing an action from state court to federal court."); *Poor Richard's, Inc. v. U.S. Dep't of Agric.*, No. Civ. 97-700(JRT/RLE), 1998 WL 315380, at *4 (D. Minn. Feb. 15, 1998) (noting that *sua sponte* dismissal of the case on sovereign immunity grounds is appropriate even when the federal agency removed the case and never raised the defense of sovereign immunity).  There is no indication of any express statutory waiver of sovereign immunity for this case's circumstances.  In the absence of authority and keeping in mind that sovereign immunity cannot be implied, the Court declines to hold that making an appearance in state court and subsequently initiating removal constitutes waiver of sovereign immunity.

For the same reasons, the USDA Defendants did not engage in impermissible forum shopping. The two cases cited by Plaintiff on this point are distinguishable.  One case was removed by a defendant to federal court pursuant to the Class Action Fairness Act, with the plaintiff then attempting to voluntarily dismiss the case so he could refile it in state court.  The other case involved a plaintiff attempting to file an amended complaint and remove the case to federal court after the state court judge indicated that he intended to grant the defendant's motion to dismiss.  Plaintiff is correct that both cited cases involved attempts at impermissible forum shopping, but no such behavior occurred here. Nothing indicates the USDA Defendants were trying to escape an adverse ruling in state court or attempting to end-around another party's valid removal.  Thus, the Court finds the forum-shopping argument unpersuasive.

In the absence of any express statutory waiver of sovereign immunity for an interpleader case like this one, the Court sees no basis to allow Plaintiff to maintain his interpleader action against the USDA Defendants.  *See V S Ltd. P'ship*, 235 F.3d at 1112 (placing the burden on the party suing the United States to show an express statutory waiver of sovereign immunity).  Thus, the Court lacks

subject matter jurisdiction over Plaintiff's interpleader claim against the USDA Defendants and must dismiss that claim.

### 2. Tort Crossclaim

The USDA Defendants likewise argue that there is no express statutory waiver of sovereign immunity to subject them to Defendant Simpson's crossclaim. They also argue the Court lacks subject matter jurisdiction over the crossclaim because Defendant Simpson filed his crossclaim against the wrong party and failed to satisfy the jurisdictional prerequisite of presenting his federal tort claims to the USDA before filing suit.

Defendant Simpson disagrees. He argues, without citing to authority, that the USDA Defendants cannot remove this case based on federal jurisdiction, only to then claim that the Court lacks jurisdiction. He also argues that he presented notice of a "discrimination complaint" to someone in Rural Development before filing his crossclaim. He does not point to any express statutory waiver of sovereign immunity for his crossclaim against the USDA Defendants.

The nature of Defendant Simpson's crossclaim is unclear because his crossclaim does not set out an explicit cause of action. The crossclaim contains only twelve numbered allegations, not all of which relate to the USDA Defendants. (ECF No. 5, pp. 1-2). The USDA Defendants assume that the crossclaim sounds in tort—essentially a claim of negligent inspection based on allegations that they failed to follow their own guidelines; disregarded a negative report from a third-party inspector who viewed the construction project; and authorized payments to Plaintiff for incomplete and faulty construction work without Defendant Simpson's approval. Defendant Simpson has not disputed that assumption or otherwise clarified the nature of his crossclaim. The Court likewise reads Defendant Simpson's crossclaim against the USDA Defendants as a tort claim.

Defendant Simpson has the burden of showing an express statutory waiver of sovereign immunity that allows him to proceed against the USDA Defendants in tort. He has not pointed to any statutory authority at all. That alone is enough to subject his crossclaim to dismissal. *See V S Ltd.*

8

*P'ship*, 235 F.3d at 1112 (placing the burden on the party suing the United States to show an express statutory waiver of sovereign immunity); *Russell v. Harris*, No. 4:08-cv-0145-SWW, 2009 WL 10677138, at *2 (E.D. Ark. Jan. 14, 2009) (finding sovereign immunity and dismissing claims against the USDA for inadequate inspection of a construction project).

However, the Court also notes that Congress implemented a waiver of sovereign immunity with the Federal Tort Claims Act ("FTCA"), which provides that the exclusive remedy for any state-law tort committed by a federal employee acting within the scope of her official duties is a suit against the United States. 28 U.S.C. § 2679(b)(1); *C.R.S. by D.B.S. v. United States*, 11 F.3d 791, 795 (8th Cir. 1993). FTCA claims must be brought directly against the United States; neither a federal agency nor its employees are proper defendants. *Duncan v. Dep't of Lab.*, 313 F.3d 445, 447 (8th Cir. 2002); *Fed. Deposit Ins. Corp. v. Manatt*, 723 F. Supp. 99, 104 (E.D. Ark. 1989). Because Defendant Simpson sued the USDA Defendants rather than the United States directly, the Court lacks subject matter jurisdiction over his crossclaim and must dismiss it.[3] *See Duncan*, 313 F.3d at 447; *Manatt*, 723 F. Supp. at 104 (granting Rule 12(b)(1) motion and dismissing FTCA claims brought against a federal agency based on sovereign immunity when the United States was not directly named as a party); *see also Brownback v. King*, ___ U.S. ___, 141 S. Ct. 740, 746 (2021) (reciting the necessary elements of an FTCA claim). Accordingly, the USDA Defendants are entitled to sovereign immunity on Defendant Simpson's crossclaim.

### 3. Conclusion

In sum, no party has alleged or pointed the Court to an express statutory waiver of sovereign immunity for the claims asserted against the USDA Defendants. Thus, the Court finds the USDA

---

[3] Additionally, the crossclaim might be barred by the FTCA's exception prohibiting recovery on claims "arising out of . . . misrepresentation, deceit or interference with contract rights." 28 U.S.C. § 2680(h); *see also Bonuchi v. United States*, 827 F.2d 377, 378-80 (8th Cir. 1987) (applying the misrepresentation exemption in finding a lack of subject matter jurisdiction when the plaintiff brought a claim of negligent inspection and appraisal of a house against Rural Development's predecessor, Farmers Home Administration).

Defendants are entitled to sovereign immunity on the claims against them. *See V S Ltd. P'ship*, 235 F.3d at 1112 (stating that the party seeking to sue the United States "must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction"). The Court lacks subject matter jurisdiction over those claims, which will be dismissed without prejudice. *See Hart v. United States*, 630 F.3d 1085, 1091 (8th Cir. 2011) (modifying district court's order dismissing case for lack of subject matter jurisdiction to be without prejudice).

The Court notes that the USDA Defendants seek the dismissal of the entire case based on sovereign immunity. However, this case also features a state-law, breach-of-contract claim and counterclaim between Plaintiff and Defendant Simpson, neither of whom are federal officers. Dismissal of the entire case on sovereign immunity grounds would be improper because sovereign immunity does not apply to those other parties and claims. Only the claims against the USDA Defendants will be dismissed pursuant to sovereign immunity.

**B. Remaining Claims**

The issue then becomes how the remaining claims will be treated. As discussed above, the Court lacks subject matter jurisdiction over all claims asserted against the USDA Defendants. This case was removed under 18 U.S.C. § 1442(a)(1), which provides for the removal of a civil action commenced in state court against an agency of the United States or its officers. Once the Court dismisses the claims against the USDA Defendants, there will be no other federal-government party or claim in this case that fits the basis for removal under 18 U.S.C. § 1442(a)(1). Rather, the case will only feature Arkansas state-law claims between non-diverse parties. As such, the Court sees nothing to give it original jurisdiction over the remaining claims, which are only before the Court under its exercise of supplemental jurisdiction. *See Russell*, 2009 WL 10677138, at *2 (finding the same after dismissing all claims removed under 18 U.S.C. § 1442(a)(1)).

The Court may decline to exercise supplemental jurisdiction over state claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In other words,

the Court maintains discretion to either dismiss or remand the state claims, or keep them in federal court. *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002). When determining whether to exercise supplemental jurisdiction, the Court must consider factors such as judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1249 (8th Cir. 2006) (per curiam).

The Eighth Circuit prefers the Court to decline to exercise supplemental jurisdiction when all federal claims have been eliminated before trial. *See Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). This preference aims to avoid encroachment on a state court's jurisdiction over matters of state law. *See Curtis v. Sears, Roebuck & Co.*, 754 F.2d 781, 786-87 (8th Cir. 1985) (explaining that exercising jurisdiction over purely state-law claims is disfavored and noting that "if the federal court goes ahead and tries the state-law claim, it will conduct a full-blown trial and enter judgment on a claim over which it could not constitutionally have been given independent jurisdiction"). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Gregoire v. Class*, 236 F.3d 413, 420 (8th Cir. 2000) ("We stress the need to exercise judicial restraint and avoid state law issues wherever possible").

Under these circumstances, it would be inappropriate to exercise supplemental jurisdiction over the remaining state-law claims. *See Curtis*, 754 F.2d at 785 (stating that exercising supplemental jurisdiction is likely improper when dealing with state-law claims that could have been asserted on their own without raising any theory of recovery under federal law). Rather, it is better to remand the remaining state-law claims to the Circuit Court of Ashley County, Arkansas, because the breach-of-contract claim and counterclaim arise under state law and will best be tried in state court. *Glorvigen*

11

*v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (holding the district court properly remanded state-law claims to state court after disposing of federal claims); *Stephens v. Stephens*, No. 1:08-cv-1026-HFB, 2008 WL 2561593, at *1 (W.D. Ark. June 24, 2008).  Accordingly, Plaintiff's contract claim against Defendant Simpson, and Defendant Simpson's contract counterclaim against Plaintiff, will both be remanded back to state court.[4]

### III.  CONCLUSION

For the above-stated reasons, the Court finds that Defendants Vilsack and James' motion to dismiss for lack of subject matter jurisdiction (ECF No. 8) should be and hereby is **GRANTED**.  All claims and crossclaims brought in this case against Defendants Vilsack and James are **DISMISSED WITHOUT PREJUDICE**.  The remainder of this case, involving Plaintiff and Defendant Simpson's contract claims and counterclaims against one another, is hereby **REMANDED** to the Circuit Court of Ashley County, Arkansas.

**IT IS SO ORDERED**, this 15th day of March, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] Accordingly, the Court gives no ruling or opinion on Plaintiff's pending motion to dismiss Defendant Simpson's counterclaim.  (ECF No. 6).  That motion was made prior to removal and is based on the Arkansas Rules of Civil Procedure.  The state court will be in the best position to decide the appropriate outcome of the motion.