IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARL DAVIS, d/b/a
DAVIS CONSTRUCTION CO.                                                                PLAINTIFF

v.                                    Case No. 1:21-cv-01049

ANDREW SIMPSON

and

THOMAS J. VILSACK, in his
official capacity as secretary of
Agriculture, and TOMMY JAMES,
in his official capacity as Area
Director of Monticello, Arkansas Area
Office of USDA Rural Development
Agency                                                                                 DEFENDANTS

**ORDER**

Before the Court is Defendant Andrews Simpson's Motion for Relief from Judgment under FRCP(60)(b). ECF No. 50. No party has responded and the time to do so has passed. *See* W.D. Ark. Local Rule 7.2(b). The Court finds the matter ripe for consideration.

This is a breach of contract case. Defendant Simpson hired Plaintiff to build a house, funded by a loan taken out from Rural Development, an agency within the United States Department of Agriculture. Partway through construction, a dispute arose regarding whether Plaintiff's work was sufficient and whether Plaintiff was appropriately receiving partial payments for the work. Defendant Simpson fired Plaintiff and refused to authorize the remaining payments contemplated by their contract. On July 7, 2021, Plaintiff filed this case in the Circuit Court of Ashley County, Arkansas. On September 28, 2021, Defendant Simpson filed a counterclaim against Plaintiff and a crossclaim against the USDA Defendants. On October 21, 2021, the USDA Defendants removed the case to federal court under 18 U.S.C. § 1442(a)(1), which provides for

the removal of a civil action commenced in state court against an agency of the United States or its officers.  ECF No. 2.  The USDA Defendants then filed a motion to dismiss the claim and crossclaim against them for lack of subject matter jurisdiction based on sovereign immunity.  ECF No. 8.  On March 15, 2022, the Court granted that motion and dismissed the claim and crossclaim against the USDA Defendants.  ECF No. 38.  Because that order dismissed all claims over which the Court had original jurisdiction, the Court then remanded the remaining state-law claims to the Circuit Court of Ashley County, Arkansas.  ECF Nos. 38, 39.

On March 30, 2022, Defendant Simpson filed a motion asking the Court to stay its March 15, 2022, Order pending appellate appeal.  ECF No. 40.  On April 19, 2022, the Court denied Defendant Simpson's motion for failure to show irreparable harm absent a stay.  ECF No. 41.  On April 27, 2022, Defendant Simpson appealed the Court's Order denying his Motion to Stay (ECF No. 41) to the United States Court of Appeals for the Eighth Circuit.  ECF No. 42.  On October 4, 2022, the Eighth Circuit denied Defendant Simpson's Appeal for failure to prosecute as to his Notice of Appeal (ECF No. 42).  ECF No. 47-1.  On January 10, 2023, Defendant Simpson filed a Petition for Writ of Certiorari with the Supreme Court of the United States.  ECF No. 48.  On March 20, 2023, the Supreme Court of the United States denied Defendant Simpson's Petition for Writ of Certiorari.  ECF No. 49.  On September 18, 2023, Defendant Simpson filed the instant motion seeking relief from judgment and requesting that the Court "void" its Order (ECF No. 38) dismissing all claims over which the Court had original jurisdiction and remanding the remaining state-law claims to the Ashley County Circuit Court for "fraud" under Federal Rule of Civil Procedure 60(b).  ECF No. 50, p.1.  No party has responded.

Federal Rule of Civil Procedure Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for

. . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). Defendant Simpson attached to the instant motion before this Court, his Motion for Relief from Judgment before the Ashley County Circuit Court (hereinafter "Exhibit A"). ECF No. 50-1. In Exhibit A, Defendant Simpson states that individuals in this case committed "fraud" pursuant to "Arkansas Supreme Court Rule 60(c)(4)(c)" in misrepresenting facts in the present case. *Id.*

However, pursuant to its March 15, 2022, Order remanding the remaining claims in this case to the Circuit Court of Ashley County, Arkansas, this Court no longer has jurisdiction over this case. *See* ECF Nos. 38, 39. As stated in its March 15, 2022, Order, the remaining claims in this case are state-law claims that are "best tried in state court." ECF No. 38, p. 11. Consequently, allegations Defendant Simpson brings regarding the conduct of other individuals in this case are appropriately addressed in the Circuit Court of Ashley County, Arkansas. Accordingly, because the Court does not have jurisdiction to rule on this matter, Defendant Simpson's Motion for Relief from Judgment under FRCP(60)(b) (ECF No. 50) is hereby **DENIED**.

**IT IS SO ORDERED**, this 23rd day of January, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

3